# Exhibit A

Plaintiff's First Amended Complaint, Appearance for Defendant, Defendant's Answer to Plaintiff's First Amended Complaint and Affirmative Defenses, Jury Demand, Reliance on Jury Demand, and Plaintiff's Answer to Defendant's Request to Admit

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/04/2022
CT Log Number 541521268

## Service of Process Transmittal Summary

**TO:**     Kristen C. Wright, Sr. VP, General Counsel & Secretary
AutoZone, Inc.
123 S Front St
Memphis, TN 38103-3618

**RE:**     **Process Served in Michigan**

**FOR:**    AutoZone Stores LLC  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ROBERT GARNER, // To: AutoZone Stores LLC |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Complaint, Interrogatories, Request(s) |
| **COURT/AGENCY:** | Wayne County, Circuit Court, MI<br>Case # 22003494NO |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 02/18/2020 |
| **PROCESS SERVED ON:** | The Corporation Company, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/04/2022 at 14:27 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after receipt (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Brian L. Fantich<br>Law Offices of Kelman & Fantich<br>30903 Northwestern Hwy<br>Suite 270<br>Farmington Hills, MI 48334-3148<br>248-855-0100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780129640178 |
| | Image SOP |
| | Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM |
| | Email Notification,  Bridgett Knox  Bridgett.knox@autozone.com |
| | Email Notification,  Brittney Lee  brittney.lee@autozone.com |
| | Email Notification,  Ciji Arnold-Wells  ciji.arnold-wells@autozone.com |
| | Email Notification,  Regina Swift  regina.swift@autozone.com |
| | Email Notification,  Janice Turner  janice.turner@autozone.com |
| | Email Notification,  Toni Burns  toni.burns@autozone.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201 |



**CT Corporation**
**Service of Process Notification**
05/04/2022
CT Log Number 541521268

Plymouth, MI 48170
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-003494-NO<br>Hon.Martha M. Snow |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                    Court telephone no.: 313-224-6889

| Plaintiff's name(s), address(es), and telephone no(s)<br>GARNER, ROBERT | v | Defendant's name(s), address(es), and telephone no(s).<br>AutoZone Stores, LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Brian L. Fantich 60935<br>30903 Northwestern Hwy Ste 270<br>Farmington Hills, MI 48334-3148 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/24/2022 | Expiration date*<br>6/23/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**
Case No. : **22-003494-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**   OR   ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:   (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
|  |  |  |  | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,

        Plaintiff,                     Case No: 22-003494-NO

vs.                                 HON. Martha M. Snow

AUTO-ZONE INC., a Domestic Profit
Corporation

AUTOZONE, INC., a Foreign Profit
Corporation, individually and d/b/a
AUTOZONE #2275

AUTOZONE STORES, LLC, a Foreign
Limited Liability Company

AUTOZONERS, LLC, a Foreign Limited
Liability Company

AUTOZONE #2275, individually

        Defendant.

_____/

LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM GANTZ (P58558)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

_____/

### **FIRST AMENDED COMPLAINT BY RIGHT**

      NOW COMES the above-named Plaintiff, ROBERT GARNER, by and through his

attorneys, LAW OFFICES OF KELMAN & FANTICH, and files this Complaint against the

Defendant, and states as follows:

      1.     That Plaintiff is a resident of the City of Farmington Hills, County of Oakland, State

22-003494-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/19/2022 2:49 PM   JaJuan Williams

of Michigan.

2.      That Defendant, AUTO-ZONE, INC., a Domestic Profit Corporation is licensed and doing business located at 19701 W. 8 Mile Rd., City of Detroit, County of Wayne, State of Michigan, with its Resident Agent Steven Pasteiner 33202 Woodward Ave., Birmingham, MI 48009.

3.      That Defendant, AUTOZONE, INC., a Foreign Profit Corporation, individually and d/b/a AUTOZONE #2275 doing business at 19701 W. 8 Mile Rd., City of Detroit, County of Wayne, State of Michigan, with its resident agents being CT Corporation System 701 S. Carson St., Ste. 200, Carson City, NV 89701.

4.      That Defendant, AUTOZONE STORES, LLC, a Foreign Limited Liability Company individually and doing business at 19701 W. 8 Mile Rd., City of Detroit, County of Wayne, State of Michigan, with its resident agents being The Corporation Company 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

5. That Defendant, AUTOZONERS, LLC, a Foreign Limited Liability Company individually and is doing business 19701 W. 8 Mile Rd., City of Detroit, County of Wayne, State of Michigan, with its resident agent being The Corporation Company 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

6.      That Defendant, AUTOZONE #2275, individually, is licensed and doing business located at 19701 W. 8 Mile Rd., City of Detroit, County of Wayne, State of Michigan.

7.      That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

8.      That on or about February 18, 2020, the Plaintiff was a business invitee and while on said premises, suddenly and without warning, he slipped and fell on an unnatural accumulation of black ice on Defendant's premises due to Defendant's defective physical structure causing ice to

2

form in an unnatural manner and causing Plaintiff to sustain serious and disabling injuries.

9. That Defendant is responsible for the active negligence of its employees under the doctrine of respondeat superior and is also liable for the injuries sustained by Plaintiff.

10. That Defendant under a separate and distinct duty owed to Plaintiff is responsible for the active negligence of its employees and is liable to Plaintiff for the injuries sustained to him.

11. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

12. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

13. That at the time, place and location aforesaid, it was the duty of the Defendant, by its agents and employees on its behalf, to exercise reasonable care in service activities, and to keep the environment in a reasonably safe condition for Plaintiff and other business invitees in accordance with the laws of the State of Michigan.

14. That at all times relevant to the within, the Defendant owed a duty to the Plaintiff to remain alert and safely perform its duties and were in a position to best control and prevent the happening of this occurrence.

15. That notwithstanding Defendant's obligations and in total disregard of said duties, the Defendant breached the same by the following acts, including but not limited to:

a. Failing to properly secure the area in order to prevent Plaintiff from being injured on Defendant's premises. Permitting said dangerous situation to occur in an area where Plaintiff was located, although Defendant knew or, in the exercise of reasonable care and diligence, should have known of the potential hazards thereof;

b. Permitting a dangerous condition to exist on said premises and allowed and permitted

said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence, should have known it would injure Plaintiff;

c.   Failing to properly train Defendant's employees and secure the area or, in the alternative, to give adequate notice or warning to Plaintiff and other persons lawfully on said premises of the hazards Defendant created although Defendant knew of or, in the exercise of reasonable care and diligence, should have known of the dangers inherent to its actions;

d.   Failing to keep the area where invitees/tenants would walk in a condition fit for its intended and foreseeable use.

e.   Failing to inspect and maintain the physical structures on Defendant's premises which were defective and in turn caused Plaintiff to slip and fall.

16.   That in the happening of the incident complained of herein, Plaintiff was not guilty of negligence or comparative negligence but that, as a direct and proximate result of the negligence, gross negligence, and carelessness of the Defendant by and through its agents and/or employees, Plaintiff suffered severe personal injuries as follows:

a.   Severe injury to left knee requiring surgery; nerve damage; permanent scarring; diminished extension, flexion, and range of motion; altered gait, permanent limp, inability to ambulate; injuries to his head, neck, and back; injuries to his upper and lower extremities, decrease in gross and find motor skills, severe shock, as well as physical pain and suffering, bleeding and permanent scarring;

b.   The requirement of months of intense therapy, which injury is permanent in nature;

c.   Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.   Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

f.   Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

g.   Severe, frequent and persistent pain which is of a continuing and permanent nature.

17.   That Defendants under a separate and distinct duty owed to Plaintiff Defendant's

4

negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

18. That Defendants under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

19. The Defendant through a separate and distinct theory of liability is liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

20. That in the event that Plaintiff was suffering from any other medical and/or emotional condition then, in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in an amount in excess of Twenty -Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICES OF KELMAN & FANTICH

BRIAN L. FANTICH (P60935)
Attorney for Plaintiff

DATED:   April 19, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,

              Plaintiff,

vs.

AUTO-ZONE INC., a Domestic Profit
Corporation

AUTOZONE, INC., a Foreign Profit
Corporation, individually and d/b/a
AUTOZONE #2275

AUTOZONE STORES, LLC, a Foreign
Limited Liability Company

AUTOZONERS, LLC, a Foreign Limited
Liability Company

AUTOZONE #2275, individually

              Defendants.

Case No: 22-003494-NO
HON. Martha M. Snow

_____/

LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM GANTZ (P58558)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 / Fax: (248) 855-0100
kelmanandassocaites@yahoo.com
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT AUTO-ZONE STORES, LLC

NOW COMES  Plaintiff, by and through his attorneys, LAW OFFICES OF KELMAN &
FANTICH, and submits for answer to Defendant AUTO-ZONE STORES, LLC its agents, servants,
employees, representatives or attorneys, the following Interrogatories to be answered under oath,
separately and fully, in writing, within twenty-eight (28) days after service thereof in accordance with
the Michigan Court Rules.

The  information  sought  herein  must  be  provided  by  you,  your  agents,  servants,

representatives or attorneys, or any other person who has made this information and knowledge known to you, or from whom you can obtain this information, and who is competent to testify to the facts stated. Said Interrogatories are continuing in nature and as the answers change, amended answers in writing are to be served upon Plaintiff's attorney promptly.

1.    Please state the name, address, job title of the person answering these Interrogatories.

**ANSWER:**


2.    Did the Defendant have any established procedure for the inspection of the area where this incident took place on the date of the incident?


  If so, please state:

  a)    The description of the procedure.

  b)    The date the last inspection was made prior to the date of this incident.

  c)    The name, job title, address and telephone number of each person who participated in such inspection.

  d)    Whether or not such inspection included an inspection of the area in which the Plaintiff was allegedly injured.

**ANSWER:**


3.    Please state whether or not Defendant was the owner and/or maintainer of the premises at 19701 W. 8 Mile Road, Detroit, Michigan on the date of this incident.

**ANSWER:**


4.    If the Defendant had no established procedure for inspection, state whether or not an inspection was made of any location in question at any time on the date of the alleged injury.


  If so, please state:

    a)    The time when the such inspection took place.

    b)    The condition disclosed by such inspection.

**ANSWER:**


5.    Prior to this incident, did the Defendant have notice that the location in question constituted a hazardous condition due to the black ice conditions.

If so, please state:

a)    Whether such information was obtained as a result of an inspection made by the Defendant and if so the name, job title, address and telephone number of such person who made such an inspection and the date when same was made.

b)    If the Defendant was informed of the condition by an attendant, employee, tradesman, postman, occupant, neighbor, tenant or any other person who used the area, and if so, the name or other means of identification such as address or telephone number of the person who informed the Defendant and the date and time when such information was received.

**ANSWER:**


6.    After learning of the condition at the location in question, please state:

a)    Whether the Defendant posted a sign of warning regarding the potentially hazardous condition.

b)    Whether the Defendant attempted to render it safe in some other manner and if so in what manner.

**ANSWER:**


7.    At any time after the incident, were any photographs taken of the scene of the incident?

If so, please state:

3

a)    The date when such pictures were taken.

b)    The name or other means of identification address or phone number of the person who took the photographs and the name of the person who employed the photographer.

c)    The name and address of the person who presently has possession or custody of such photographs.

**ANSWER:**

8.    What is the name, address and telephone number of each person known to the Defendant to have witnessed this incident?

**ANSWER:**

9.    Was a written statement taken from such witnesses by the Defendant or any other person on the Defendant's behalf?

**ANSWER:**

10.    What is the name of the person or other means of identification by way of address or telephone number of the person who presently has possession or custody of each written statement?

**ANSWER:**

11.    Please state whether or not any employee of the Defendant spoke with the Plaintiff after the incident and if so please identify said person.

**ANSWER:**

12.    Please state whether or not an incident report was made as a result of the alleged incident which occurred in this cause of action.

4

If so, please identify such document with the name and address of the witness and or employee who made the report, the date and other appropriate description of the incident report.

**ANSWER:**

13.    After the incident, was there an investigation made by or on behalf of the Defendant concerning the circumstances of this incident?

If so, what is the name and address of each person who made such an investigation?

**ANSWER:**

14.    Was the written report furnished to Defendant of the investigation?

If so, what is the name, address and telephone number of the person who presently has possession or custody of the report?

**ANSWER:**

15.    On the date of this incident, was the Defendant insured with respect to any of the claims, cause of action injuries or damages alleged or claimed against this Defendant in this cause of action?

If so, please state:

   a)    The total number of such policies.

   b)    The name of the company that issued the policies.

   c)    The policy number of each such policy.

d)      The name of each person designated as insured's on each policy.

e)      The limits of bodily injury or public liability coverage of each policy.

**ANSWER:**

16.    Have any changes been made at the place where this incident occurred since the date of this incident?

If so, please give details of such changes.

**ANSWER:**

17.    State the name and address of all expert witnesses to be presented by you and their field of expertise.

**ANSWER:**

18.    When did you first have notice of Plaintiff's injury?

**ANSWER:**

19.    Is it the contention or allegation of the Defendant that the Plaintiff by any act or omission caused or contributed to the cause of Plaintiff's alleged injuries?

If you answered the proceeding Interrogatory in the affirmative, please state in detail each act or omission by the Plaintiff which it is contended or alleged caused or contributed to the cause of Plaintiff's injuries.

6

**ANSWER:**

20.     Please state if any other persons were injured at the location where this incident occurred as a result of icy conditions from two years prior to this incident to the present, setting forth the names of the parties injured, dates, and cause(s) of their injuries.

**ANSWER:**

Respectfully submitted,

LAW OFFICES OF KELMAN & FANTICH

By:     _____
        BRIAN L. FANTICH (P60935)
        Attorney for Plaintiff
        30903 Northwestern Highway, Suite 270
        Farmington Hills, MI 48334
        (248) 855-0100

DATED: 4-25-22

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,

               Plaintiff,                      Case No: 22-003494-NO

vs.                                        HON. Martha M. Snow

AUTO-ZONE INC., a Domestic Profit
Corporation

AUTOZONE, INC., a Foreign Profit
Corporation, individually and d/b/a
AUTOZONE #2275

AUTOZONE STORES, LLC, a Foreign
Limited Liability Company

AUTOZONERS, LLC, a Foreign Limited
Liability Company

AUTOZONE #2275, individually

               Defendants.
_____/
LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM GANTZ (P58558)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100 / Fax: (248) 855-0100
kelmanandassocaites@yahoo.com
_____/

## **REQUEST FOR PRODUCTION OF DOCUMENTS/THINGS**

TO:    AUTOZONE STORES LLC Defendant

        NOW COMES Plaintiff, by and through his attorneys, LAW OFFICES OF KELMAN &

FANTICH, and pursuant to all purposes under MCR 2.314 and any other applicable rules, the

following request is made for the production of all information, including but not limited to:

        1.      Any and all incident/investigative reports relative to the subject matter of this

lawsuit.

        2.      Any and all photographs, diagrams, drawings taken of the defect on Defendant's

premises that is the subject matter of this lawsuit.

        3.      Any and all witness statements taken by Defendant, its agents, servants and/or

employees.

4.      Any and all witness statements taken by Defendant's insurance carrier or their agents and/or representatives.

5.      Any and all photographs, diagrams, drawings of the area where this incident occurred that is the subject matter of this lawsuit.

6.      Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years prior to this incident.

7.      Any and all repair logs, maintenance logs, maintenance requests, in any form for the two (2) years after this incident.

8.      Any and all written policies, procedures for employees relative to maintenance and inspection practices of Defendant in effect on the date of this incident.

9.      Any and all lease and/or maintenance agreements in effect on the date of this incident.

10.     Any and all Curriculum Vitaes of any and all experts you intend to call at the trial of this matter.

11.     Any and all video tapes, tape recordings, surveillance, computer records, photographs regarding Plaintiff.

12.     Names of any and all employees, their job titles, and duties who were on duty at Defendant's premises located at 19701 W. 8 Mile Road, Detroit, Michigan,  on February 18, 2020.

Respectfully submitted,

LAW OFFICES OF KELMAN & FANTICH

Dated: 4-25-22

BRIAN L. FANTICH (P60935)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT GARNER,

          Plaintiff,                  USDC No.: _____
                                       Lower Court No.: 22-003494-NO

v

AUTOZONE STORES, LLC, a
Foreign Limited Liability
Company,

          Defendant.
_____

**APPEARANCE**

      PLEASE ENTER my Appearance as attorney in the above-entitled matter

for the Defendant, AutoZone Stores, LLC.

                              PLUNKETT COONEY

                              */s/Ridley S. Nimmo, II*

DATE:  October 6, 2022         By: _____
                              RIDLEY S. NIMMO, II (P54783)
                              Attorneys for Defendant
                              111 E. Court Street, Suite 1B
                              Flint, MI 48502
                              Direct Dial:  (810) 342-7010
                              rnimmo@plunkettcooney.com

## CERTIFICATE OF ELECTRONIC FILING

Ridley S. Nimmo, II certifies that a copy of the Removal documents and this Certificate of Electronic Filing was electronically filed with the United States District Court, Eastern District of Michigan, Southern Division, in the above cause on October 6, 2022.  A copy will be provided to counsel of record via first class mail.  I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

/s/ Ridley S. Nimmo, II

_____

Ridley S. Nimmo, II (P54783)

Open.21405.22045.29748046-1

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,                          Case No. 22-003494-NO

        Plaintiff,                      Honorable Martha M. Snow

v

AUTOZONE STORES LLC,
a Foreign Limited Liability Company,

        Defendant.

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | RIDLEY S. NIMMO, II (P54783) |
| CARRA J. STOLLER (P64540) | PLUNKETT COONEY |
| LAW OFFICES OF KELMAN & FANTICH | Attorneys for Defendant |
| Attorney for Plaintiff | 111 E. Court Street, Suite 1B |
| 30903 Northwestern Highway, Suite 270 | Flint, MI 48502 |
| Farmington Hills, MI 48334 | (810) 342-7010 |
| (248)855-0100 | (810) 232-3159 fax |
| bfantich@kelmanfantich.com | rnimmo@plunkettcooney.com |
| kelmanandassociates@yahoo.com | |

## **DEFENDANT'S ANSWER TO**
## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant, AUTOZONE STORES LLC, by and through its attorneys, Plunkett Cooney, and for its Answer to Plaintiff's First Amended Complaint and Affirmative Defenses, states as follows:

1.      In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

2.      In response to this paragraph, this Defendant denies that Auto-Zone, Inc. is a proper party defendant in this matter.

22-003494-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   6/21/2022 8:00 AM   JaJuan Williams

3.     In response to this paragraph, this Defendant denies that AutoZone, Inc. is a proper party defendant in this matter.

4.     In response to this paragraph, this Defendant admits that AutoZone Stores LLC is a foreign limited liability company lawfully conducting business in the County of Wayne, State of Michigan.

5.     In response to this paragraph, this Defendant denies that AutoZoners LLC is a proper party defendant in this matter.

6.     In response to this paragraph, this Defendant denies that AutoZone #2275 is a proper party defendant in this matter.

7.     In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

8.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

9.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

10.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

11.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

12.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

13.     In response to this paragraph, this Defendant objects to these allegations as they set forth conclusions of law and/or statements of duty to which no response is required in accordance with the Michigan Court Rules and law.  To the extent a response is required, this Defendant does not believe that the statements contained therein set forth either completely and/or accurately the status of the law and, lastly, this Defendant affirmatively avers that any duty otherwise owing was complied with by this Defendant.

14.     In response to this paragraph, this Defendant objects to these allegations as they set forth conclusions of law and/or statements of duty to which no response is required in accordance with the Michigan Court Rules and law.  To the extent a response is required, this Defendant does not believe that the statements contained therein set forth either completely and/or accurately the status of the law and, lastly, this Defendant affirmatively avers that any duty otherwise owing was complied with by this Defendant.

15.     In response to this paragraph, including subparagraphs (a) through (e), this Defendant denies the allegations contained therein as said allegations are untrue.

16.     In response to this paragraph, including subparagraphs (a) through (g), this Defendant denies the allegations contained therein as said allegations are untrue.

17.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

18.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

19.     In response to this paragraph, this Defendant denies the allegations contained therein as said allegations are untrue.

20.    In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

PLUNKETT COONEY

Date:  June 20, 2022                    By:    /s/ Ridley S. Nimmo, II
                                        RIDLEY S. NIMMO, II (P54783)
                                        Attorneys for Defendant
                                        111 E. Court St., Suite 1B
                                        Flint, MI 48502
                                        (810) 342-7010   (810) 232-3159 Fax
                                        rnimmo@plunkettcooney.com

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, AUTOZONE STORES LLC, by and through its attorneys, Plunkett Cooney, and to set forth its Affirmative Defenses, states as follows:

1.    Defendant relies upon the open and obvious doctrine.

2.    Defendant relies upon lack of notice.

3.    Defendant relies upon the lack of proximate causation between the actions and/or inactions alleged and Plaintiff's alleged damages.

4.    Plaintiff was comparatively negligent and that comparative negligence may be the sole proximate cause and/or a proximate cause of Plaintiff's alleged damages.

5.    Defendant relies upon all defenses available to it consistent with the Tort Reform Legislation of 1996 including, but not necessarily limited to, the limitation of damages set forth in MCL 600.2959.

6.     Defendant relies upon the intervening and superseding causation as it relates to the acts and/or conduct of others or outside forces including weather forces.

7.     Defendant raises and preserves any objections regarding insufficiency of the process issued and/or service of process, to the extent discovery reveals its applicability.

8.     Plaintiff's claims may be barred by waiver, estoppel and/or the statute of limitations and/or repose, to the extent discovery reveals its applicability.

9.      Defendant relies upon Plaintiff's failure to mitigate damages, to the extent discovery reveals its applicability.

10.     Defendant relies upon the collateral source rule, to the extent discovery reveals its applicability.

11.     This Defendant reserves the right to name further affirmative defenses in accordance with the Michigan Court Rules as discovery makes them known and/or to withdraw affirmative defenses in accordance with the Michigan Court Rules if that becomes appropriate as discovery commences.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

PLUNKETT COONEY

Date: June 20, 2022          By:     /s/ Ridley S. Nimmo, II_____
                                      RIDLEY S. NIMMO, II (P54783)
                                      Attorneys for Defendant
                                      111 E. Court St., Suite 1B
                                      Flint, MI 48502
                                      (810) 342-7010  (810) 232-3159 Fax
                                      rnimmo@plunkettcooney.com

## **PROOF OF SERVICE**

CHRISTINE J. KNOTTS hereby certifies that on the 20th day of June, 2022, she caused to be served a copy of Defendant's Answer to Plaintiff's First Amended Complaint and this Proof of Service via MiFile TrueFiling electronic filing with Wayne County Circuit Court, which will provide electronic notice of this filing to all counsel of record.

/s/ Christine J. Knotts
CHRISTINE J. KNOTTS

Open.21405.22045.29040157-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,                                    Case No. 22-003494-NO

        Plaintiff,                              Honorable Martha M. Snow

v

AUTOZONE STORES LLC,
a Foreign Limited Liability Company,

        Defendant.

---

| BRIAN L. FANTICH (P60935) | RIDLEY S. NIMMO, II (P54783) |
|---|---|
| CARRA J. STOLLER (P64540) | PLUNKETT COONEY |
| LAW OFFICES OF KELMAN & FANTICH | Attorneys for Defendant |
| Attorney for Plaintiff | 111 E. Court Street, Suite 1B |
| 30903 Northwestern Highway, Suite 270 | Flint, MI 48502 |
| Farmington Hills, MI 48334 | (810) 342-7010 |
| (248)855-0100 | (810) 232-3159 fax |
| bfantich@kelmanfantich.com | rnimmo@plunkettcooney.com |
| kelmanandassociates@yahoo.com | |

---

## **JURY DEMAND**

        NOW COMES Defendant, AutoZone Stores, LLC, by and through its attorneys, Plunkett Cooney, and hereby demands a trial by jury on all issues as to which there is a right to trial by jury in the above-captioned matter.

                                  PLUNKETT COONEY

Date: 7/18/22                By:    /s/ Ridley S. Nimmo, II
                                    RIDLEY S. NIMMO, II (P54783)
                                    Attorneys for Defendant
                                    111 E. Court St., Suite 1B
                                    Flint, MI 48502
                                    (810) 342-7010   (810) 232-3159 Fax
                                    rnimmo@plunkettcooney.com

1

Stephanie  Foster     7/18/2022 11:29 AM     WAYNE COUNTY CLERK     Cathy M. Garrett     IN MY OFFICE     22-003494-NO FILED

**<u>PROOF OF SERVICE</u>**

CHRISTINE J. KNOTTS hereby certifies that on the 18th day of July, 2022, she caused

to be served a copy of JURY DEMAND and PROOF OF SERVICE via MiFile TrueFiling elec-

tronic filing with Wayne County Circuit Court, which will provide electronic notice of this

filing to all counsel of record.

*/s/ Christine J. Knotts*
CHRISTINE J. KNOTTS

Open.21405.22045.29223377-1

2

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

ROBERT GARNER,

        Plaintiff,

vs.

Case No: 22-003494-NO
HON. MARTHA M. SNOW

AUTOZONE STORES, LLC,
a Foreign Limited Liability Company

        Defendant.

| | |
|---|---|
| LAW OFFICES OF KELMAN & FANTICH | PLUNKETT COONEY |
| BRIAN L. FANTICH (P60935) | RIDLEY S. NIMMO II (P54783) |
| CARRA J. STOLLER (P64540) | *Attorneys for Defendant* |
| ADAM GANTZ (P58558) | 111 E Court Street, Suite 1B |
| *Attorneys for Plaintiff* | Flint, MI 48502 |
| 30903 Northwestern Highway, Suite 270 | (810) 342-7010 / Fax (810) 232-3159 |
| Farmington Hills, MI 48334 | rnimmo@plunkettcooney.com |
| (248) 855-0100 / Fax: (248) 855-0100 | |
| kelmanandassocaites@yahoo.com | |

## PLAINTIFF'S RELIANCE UPON JURY DEMAND

    NOW COMES Plaintiff, ROBERT GARNER, by and through counsel undersigned, LAW

OFFICES OF KELMAN & FANTICH, and hereby relies on the Jury Demand previously filed in this

matter.

                              Respectfully submitted,
                              **LAW OFFICES OF KELMAN & FANTICH**

                              /s/ Brian L. Fantich
                              BRIAN L. FANTICH P60935
                              Attorneys for Plaintiff
                              30903 Northwestern Highway, Suite 270
                              Farmington Hills, MI 48334
Dated: July 18, 2022                   (248) 855-0100

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause via the **Wayne County Circuit Court E-Filing System on July 18, 2022**. I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

                 /s/ Trish M. De Vellis - Legal Assistant

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,

               Plaintiff,                      Case No: 22-003494-NO

vs.                                       HON. MARTHA M. SNOW

AUTOZONE STORES, LLC,
a Foreign Limited Liability Company

               Defendant.

| | |
|---|---|
| LAW OFFICES OF KELMAN & FANTICH | PLUNKETT COONEY |
| BRIAN L. FANTICH (P60935) | RIDLEY S. NIMMO II (P54783) |
| CARRA J. STOLLER (P64540) | *Attorneys for Defendant* |
| ADAM GANTZ (P58558) | 111 E Court Street, Suite 1B |
| *Attorneys for Plaintiff* | Flint, MI 48502 |
| 30903 Northwestern Highway, Suite 270 | (810) 342-7010 / Fax (810) 232-3159 |
| Farmington Hills, MI 48334 | rnimmo@plunkettcooney.com |
| (248) 855-0100 / Fax: (248) 855-0100 | |
| kelmanandassocaites@yahoo.com | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST TO ADMIT

NOW COMES Plaintiff, ROBERT GARNER,  by and through counsel undersigned, LAW

OFFICES OF KELMAN & FANTICH, and in response to Defendant's Request to Admit states:

**REQUEST TO ADMIT NO. 1:**

**RESPONSE:  Denied at this time.  Discovery is ongoing.  Plaintiff reserves the right to amend.**

**Please see Plaintiff's specific deposition testimony and medical records.**

                              Respectfully submitted,
                              **LAW OFFICES OF KELMAN & FANTICH**
                                /s/ Brian L. Fantich
                              BRIAN L. FANTICH P60935
                              Attorneys for Plaintiff
                              30903 Northwestern Highway, Suite 270
                              Farmington Hills, MI 48334
Dated: September 15, 2022            (248) 855-0100

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause via the **Wayne  County Circuit Court E-Filing System on September 15, 2022**.  I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

             /s/ Trish M. De Vellis - Legal Assistant

Document received by the MI Wayne 3rd Circuit Court.

22-003494-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   5/27/2022 1:55 PM   JaJuan Williams

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT GARNER,                                        Case No. 22-003494-NO

              Plaintiff,                          Honorable Martha M. Snow

v

AUTO-ZONE, INC., a Domestic Profit
Corporation, AUTOZONE, INC., a Foreign
Profit Corporation, individually and d/b/a
AUTOZONE #2275, AUTOZONE STORES, LLC,
a Foreign Limited Liability Company,
AUTOZONERS, LLC, a Foreign Limited
Liability Company, and AUTOZONE #2275,
Individually,

              Defendants.

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | RIDLEY S. NIMMO, II (P54783) |
| CARRA J. STOLLER (P64540) | PLUNKETT COONEY |
| LAW OFFICES OF KELMAN & FANTICH | Attorneys for Defendants |
| Attorneys for Plaintiff | 111 E. Court Street, Suite 1B |
| 30903 Northwestern Highway, Suite 270 | Flint, MI 48502 |
| Farmington Hills, MI 48334 | (810) 342-7010 |
| (248)855-0100 | (810) 232-3159 fax |
| bfantich@kelmanfantich.com | rnimmo@plunkettcooney.com |
| kelmanandassociates@yahoo.com | |

**STIPULATED ORDER CORRECTING PLEADINGS TO REFLECT
THE PROPER AUTOZONE ENTITY DEFENDANT**

At a session of said Court held in Wayne
County, City of Detroit, and State of
Michigan on 5/27/2022_____, 2022

PRESENT: HONORABLE MARTHA M. SNOW, Wayne County Circuit Court Judge

This matter having come before the Court upon the stipulation of the parties

correcting pleadings to reflect the proper AutoZone entity Defendant;

**IT IS HEREBY ORDERED** that Auto-Zone, Inc., AutoZone, Inc., d/b/a AutoZone

#2275, AutoZoners, LLC, and AutoZone #2275, are hereby dismissed from this case

without prejudice, and the only remaining defendant is the proper AutoZone

entity/possessor Defendant AutoZone Stores LLC.


/s/ Martha M. Snow   5/27/2022
_____
MARTHA M. SNOW, Wayne County Circuit
Court Judge
Dated:_____

Stipulated and agreed to by:


LAW OFFICES OF KELMAN & FANTICH          PLUNKETT COONEY


/s/ Brian L. Fantich (with permission)          /s/ Ridley S. Nimmo, II
BRIAN L. FANTICH (P60935)                RIDLEY S. NIMMO, II (P54783)
Attorney for Plaintiff                   Attorney for Defendants
Dated:  5/26/22                          Dated:  5/26/22


Open.P0474.P0474.28825236-1

2